UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CONNOR KERNER,                        )
                                      )
             Plaintiff,               )
                                      )
       v.                             )    No. 2:26-cv-00417-JPH-MKK
                                      )
CHASITY HOPPER,                       )
SARA BEDWELL,                         )
KEITH VINARDI,                        )
                                      )
             Defendants.              )

**ORDER STRIKING FILINGS AND ORDERING TO SHOW CAUSE**

Plaintiff Connor Kerner is currently incarcerated at Wabash Valley Correctional Facility. On June 10, 2026, Mr. Kerner's mother Roxann Dye filed this civil rights lawsuit on behalf of Mr. Kerner, alleging that he was being held in segregated housing for a prolonged period despite his status as severely mentally ill. *See* dkt. 1. A few days later, Ms. Dye filed a petition for writ of habeas corpus, seeking Mr. Kerner's immediate transfer to K Unit within Wabash Valley or the psychiatric unit within New Castle Correctional Facility. Dkt. 5. She also filed a motion for temporary restraining order and preliminary injunction, seeking the same relief. Dkt. 6. For the reasons below, this lawsuit may not proceed as Ms. Dye has filed it.

## I.    **Ms. Dye May Not Proceed Pro Se on Behalf of Mr. Kerner**

Ms. Dye has not indicated that she is an attorney. Therefore, she cannot represent Mr. Kerner in this case or litigate the case for him. *See e.g., Johnson v. Bank One N.A.*, 90 F. App'x 956, 957 (7th Cir. 2004) (striking notice of appeal

1

and briefs filed for appellant by non-attorney on his mother's behalf, explaining that "[plaintiff's son], as a non-lawyer, may not represent his mother in the federal courts" even though mother had given him power of attorney to act on her behalf).

There are two reasons for this restriction. 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Thus, litigants may proceed personally (i.e., pro se) *or* through an appearance by a licensed attorney. Additionally, the Federal Rule of Civil Procedure 11(a) requires that every filing be signed by an attorney of record or by the party if the party is pro se. Therefore, without an attorney, Mr. Kerner must sign every filing that comes before the Court.

There are limited circumstances under which a party may act as "next friend" for a plaintiff. Rule 17(c)(2) of the Federal Rules of Civil Procedure provides that

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Importantly, however, even if Ms. Dye can establish next friend standing, federal courts disapprove of allowing next friends to proceed pro se for the statutory reasons listed above. *See Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) ("Normally, representative parties such as next friends may not conduct litigation

2

pro se; pleadings may be brought before the court only by parties or their attorney.") (citing 28 U.S.C. § 1654; Fed. R. Civ. P. 11(a)); *Jones v. Griggs*, 612 F. App'x 395, 396 (7th Cir. Aug. 14, 2015) (explaining that even if other requirements of next friend standing are met, "[the putative next friend] is not a lawyer and thus cannot represent [plaintiff] as next friend without counsel.") (citing 28 U.S.C. § 1654).

Accordingly, the Court **strikes** the complaint, dkt. [1], the petition for habeas corpus, dkt. [5], and the motion for temporary restraining order, dkt. [6] filed by Ms. Dye on behalf of Mr. Kerner. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). Mr. Kerner has until **July 22, 2026**, to file a complaint and renew any motions on his own behalf in this action. The **clerk is directed** to send Mr. Kerner a form civil rights complaint along with Mr. Kerner's copy of this order.

Alternatively, Ms. Dye shall have until **July 22**, **2026**, to refile the complaint, with the assistance of an attorney, explaining why she has standing as a next friend pursuant to Rule 17(c) or why the Court should appoint a guardian ad litem to protect the interests of Mr. Kerner. If Mr. Kerner cannot afford counsel and if Ms. Dye cannot find counsel after a reasonable effort, she may file a motion for the Court to appoint an attorney. *See* 28 U.S.C. § 1915(e)(1).

If neither of those actions is completed by the deadline, then this case **will be dismissed without prejudice**.

3

## II.    The Petition for Writ of Habeas Corpus Is Improperly Filed In This Case

While the petition for writ of habeas corpus has been stricken, the Court notes that Ms. Dye initiated this lawsuit as a civil rights action, seeking injunctive relief in the form of intra-facility transfer based on Mr. Kerner's confinement in segregated housing despite his status as seriously mentally ill. Ms. Dye's petition for writ of habeas corpus seeks the same injunctive relief— transfer to K Dorm within Wabash Valley or the psychiatric unit within New Castle. Dkt. 5. These claims are not cognizable in habeas because they do not challenge the fact or duration of Mr. Kerner's detention, so the petition would have to be denied on that basis. *See Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) (adhering to "our long-standing view that habeas corpus is not a permissible route for challenging prison conditions"). Moreover, Mr. Kerner's civil rights complaint cannot be converted by judicial fiat into an action for a writ of habeas corpus. *Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997).

## III.    Conclusion

For the above reasons, the clerk is directed to **strike** the complaint, dkt. [1], the petition for writ of habeas corpus, dkt. [5], and the motion for temporary restraining order, dkt. [6]. Mr. Kerner has until **July 22, 2026**, to file a complaint on his behalf in this action. The **clerk is directed** to send Mr. Kerner a form civil rights complaint along with Mr. Kerner's copy of this order.

Alternatively, Ms. Dye shall have until **July 22**, **2026**, to refile the complaint, with the assistance of an attorney, explaining why she has standing

4

as a next friend pursuant to Rule 17(c) or why the Court should appoint a guardian ad litem to protect the interests of Mr. Kerner.

The **clerk is directed** to send a courtesy copy of the complaint, dkt. [1], and this Order to the Warden of Wabash Valley Correctional Facility as well as Robert Bugher of the Indiana Department of Correction.

**SO ORDERED.**

Date: 6/23/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CONNOR KERNER
277908
Inmate Mail
Wabash Valley Correctional Facility
6908 S Old US Highway 41
Carlisle, IN, 47838

Roxann Dye, mother and POA
3058 S. C.R. 210
Knox, IN 46534

Courtesy Copies to:

Electronic service to Indiana Department of Correction
       Warden (Wabash Valley Correctional Facility)

Robert Bugher
Indiana Department of Correction
E334 Indiana Government Center South
302 W. Washington Street
Indianapolis, IN 46204